IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Theodore Wills,<br><br>            Petitioner,<br><br>v.<br><br>Warden Levern Cohen,<br><br>            Respondent. | C/A No.: 5:24-cv-708-JFA<br><br>**ORDER** |

Theodore Wills (Petitioner), a state prisoner proceeding *pro se*, filed this Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (ECF No. 18). In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), the case was referred to the Magistrate Judge for initial review.

On October 21, 2024, Respondent filed a motion for summary judgment. (ECF No. 44). Subsequently, the Magistrate Judge issued an order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising Petitioner of the dismissal procedure and the possible consequences if he failed to respond to the motion adequately. (ECF No. 45). Thereafter, Petitioner filed a response in opposition to Respondent's summary judgment motion, to which Respondent filed a reply. (ECF Nos. 48 & 49).

On March 19, 2025, the Magistrate Judge issued a thorough Report and Recommendation (Report), recommending that the Court grant Respondent's summary judgment motion and dismiss the petition. (ECF No. 50). The Report further advised Petitioner of his right to file objections to the Report and the consequences for failing to

do so. *Id.* at 3. Petitioner failed to file objections, and the time to do so has expired. Thus, this matter is ripe for review.

A district court is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Magistrate Judge's Report, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

Here, Petitioner has failed to raise any objections, and therefore this Court is not required to give an explanation for adopting the recommendation. A review of the Report and prior orders indicates that the Magistrate Judge correctly concluded that the petition is subject to dismissal.

After carefully reviewing the applicable laws, the record in this case, and the Report, the Court finds that the Magistrate Judge's recommendation fairly and accurately summarizes the facts and applies the correct principles of law. Accordingly, the Court adopts the Magistrate Judge's Report and Recommendation and incorporates it herein by reference. (ECF No. 50). Consequently, the petition is dismissed with prejudice.

It is further ordered that a certificate of appealability is denied because Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).[1]

IT IS SO ORDERED.

May 19, 2025
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District Judge

---

[1] A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In the instant matter, the court finds that Petitioner has failed to make "a substantial showing of the denial of a constitutional right."